

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-2005

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2287

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Chen v. Atty Gen USA" (2005). *2005 Decisions.* Paper 364.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/364

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2287

———

LI ZHEN CHEN,

Petitioner

v.

ALBERTO R. GONZALES,
Attorney General of the United States of America[*]

Respondent

———

Petition for Review of an Order
of the Board of Immigration Appeals
(No. A78-736-230)

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
Date: October 21, 2005

Before:  SCIRICA, Chief Judge, VAN ANTWERPEN and ALDISERT, Circuit Judges

(Filed_October 24, 2005)

———

OPINION OF THE COURT

———

---

[*] Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States pursuant to Fed. R. App. P. 43(c)(2).

ALDISERT, Circuit Judge

Petitioner Chen, Li Zhen ("Chen"), a native and citizen of the People's Republic of China, seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA") on April 14, 2004, which denied her motion to reopen on the ground of ineffective assistance of counsel. We must decide whether the BIA properly denied Chen's motion to reopen her asylum case. We have jurisdiction to review the BIA's order pursuant to 8 U.S.C. § 1252. We will deny the petition.

I.

Because we write only for the parties who are familiar with the facts, the procedural history and the contentions presented, we will not recite them except as necessary to the discussion.

II.

Chen was placed in removal proceedings and applied for asylum on the basis of persecution in China by birth control officials from 1992 to 1999. She was pregnant with her fourth child at the time of the hearing before the Immigration Judge ("IJ"). At the hearing, Chen testified that two of her three children were born in China, and that she had been persecuted there by family planning officials. The IJ characterized her testimony as neither "lucid nor plausible," and accordingly found that Chen had not demonstrated any evidence of past persecution or any evidence of the possibility of future persecution should she return to China. The IJ entered an order rejecting Chen's claims, denied her

2

petition for asylum and ordered her removal from the United States.

Notwithstanding the IJ's decision, the issues for determination in this case center not so much on Chen's credibility before the IJ, but rather on the procedures for reopening her asylum case before the BIA.

Chen appealed the removal order to the BIA, which dismissed her appeal on August 27, 2003, for failure to file a brief. The attorney who handled Chen's appeal, Mr. Cox, promptly filed a motion to reconsider and reopen, accompanied by a brief with attached exhibits and affidavits. The BIA treated the motion as a motion to reconsider and on January 2, 2004, denied the motion, stating that Chen "has established no error of law or fact in our prior decision."

Chen did not appeal that order. Instead, through new counsel, she filed a motion before the BIA to reopen her case, in which she alleged ineffective assistance of counsel based on her prior counsel's failure to file a timely brief. See Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988) (establishing the requirements for filing a motion to reopen based upon a claim of ineffective assistance of counsel). The BIA, in an order dated April 14, 2004, denied this motion as well, observing that it was not timely and did not address the issue of untimeliness. Moreover, the BIA explained that Chen had not shown that the appellate brief attached to the motion would have resulted in a reversal of the IJ's ultimate decision, and that the majority of the evidence attached to the brief would not have constituted new, previously unobtainable evidence sufficient to support a remand to

the IJ.  It is from this order that Chen now petitions this Court.

## III.

A motion to reopen must be filed within ninety (90) days after entry of the order of removal.  8 C.F.R. § 1003.2(c)(2).  The BIA dismissed Chen's appeal on August 27, 2003.  Approximately five months later, on January 30, 2004, she filed her motion to reopen alleging ineffective assistance of counsel.  Accordingly, the motion was untimely and correctly denied by the BIA.

## IV.

Chen nonetheless contends that her motion to reopen was timely under the doctrine of equitable tolling, or, in the alternative, that the BIA should have exercised its limited discretionary authority to overlook the untimeliness of the filing.  See In re G-D-, 22 I. & N. Dec. 1132 (BIA 1999) (discussing the limited discretionary authority of the BIA under 8 C.F.R. § 1003.2(a) to reopen cases *sua sponte*, despite the petition being time-barred).  We lack jurisdiction to consider these issues, however, because Chen raised neither argument before the BIA.  See 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); Zheng v. Gonzales, 422 F.3d 98, 107-108 (3d Cir. 2005) ("The failure to exhaust this claim before the BIA 'bars consideration of particular questions not raised in an appeal to the [BIA].'").  Equitable tolling of the time to reopen is not available where "equitable tolling was not argued before the BIA nor discussed by the BIA."

4

Taniguchi v. Schultz, 303 F.3d 950, 955 (9th Cir. 2002).  Because Chen did not exhaust

these arguments before the BIA, they were not preserved for our review and, accordingly,

we lack jurisdiction to review them.

V.

The BIA ruled against Chen on two other grounds in its April 14, 2004 order,[1] but

because we dispose of the matter on the issue of the timeliness of her motion to reopen

we will not address them.  We have considered all the contentions presented by the

parties and conclude that no further discussion is necessary. The petition for review will

be denied.

---

[1] The BIA also ruled against Chen because (1) she did not show that her appellate brief
would have resulted in a reversal of the IJ's ultimate decision and (2) that the majority of
evidence attached to the brief would not have constituted new, previously unobtainable
evidence sufficient to support a remand.